UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
JOSE ALVARADO,

                Plaintiff,

    -against-


VNY MEDIA CORP.,

                Defendant.
---------------------------------------X

**MEMORANDUM & ORDER**
21-CV-4565 (KAM) (LB)

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Jose Alvarado, a professional photographer, brings this action against Defendant VNY Media Corp. for copyright infringement under Section 501 of the Copyright Act (the "Act"), 17 U.S.C. § 501.  The complaint alleges that Defendant reproduced and published Plaintiff's copyrighted image of politician Alexandria Ocasio-Cortez without authorization.  (ECF No. 1 ("Compl.") ¶ 1.)

Since the complaint was filed on August 13, 2021, Defendant has failed to appear, answer, or otherwise defend in this action, despite being properly served with the summons and complaint, as detailed below.  On October 27, 2021, the Clerk of Court entered a certificate of default against Defendant pursuant to Federal Rule of Civil Procedure 55(a).  (ECF No. 8.)  Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), seeking $5,000.00 in statutory damages for

copyright infringement and $1,035.00 in attorney's fees and costs. (ECF No. 10.)  For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART, and Plaintiff is awarded a default judgment in the amount of $2,037.00.

## BACKGROUND

### I.    Facts

When a defendant defaults, a court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).  The court consequently accepts Plaintiff's well-pleaded factual allegations as true for the purpose of reviewing the motion for default judgment.

Plaintiff Jose Alvarado is a New York-based professional photographer. (Compl. ¶ 5.)  As relevant here, Plaintiff took a photograph of politician Alexandria Ocasio-Cortez at a protest in New York City.  (*Id.* ¶ 8; *see* ECF No. 1-1 (the "Photograph").)  Pursuant to a license from Plaintiff, Vice Media featured the Photograph in a June 27, 2018 article entitled "The Story of Alexandria Ocasio-Cortez's Rise to Victory, in Photos." (Compl. ¶ 9; *see* ECF No. 1-2.)  On September 10, 2018, Plaintiff registered the Photograph with the U.S. Copyright Office. (Compl. ¶ 11; *see* ECF No. 1-3.)

2

Defendant is a New York corporation with a principal place of business located at 623 President Street, Brooklyn, New York 11215.  (Compl. ¶ 6.)  Defendant owns and operates a website, www.lavocedinewyork.com.  (*Id.* ¶ 7.)  Plaintiff alleges that without his consent, Defendant featured the Photograph on its website in a June 27, 2018 article entitled "Alexandria Ocasio-Cortez's Win: the Revolution Young People Were Waiting For." (*Id.* ¶¶ 12-13; *see* ECF No. 1-4.)

## II. **Procedural History**

Plaintiff filed the instant action on August 13, 2021. (*See* Compl.)  On September 13, 2021, Plaintiff properly served the summons and complaint on Defendant.  (ECF No. 6.)  In particular, Plaintiff served copies of the summons and complaint on the New York Secretary of State, as Defendant's registered agent, pursuant to Section 306 of New York's Business Corporation Law.  *See* N.Y. C.P.L.R. § 311(a)(1).  On October 24, 2021, Plaintiff requested a certificate of default.  (ECF No. 7.)  The Clerk of Court entered a certificate of default on October 27, 2021.  (ECF No. 8.)

On January 20, 2022, Plaintiff filed a motion for default judgment.  (ECF No. 9.)  In accordance with Local Civil Rule 55.2(b) of the Eastern and Southern Districts of New York, Plaintiff appended to his motion the Clerk's certificate of default, a copy of the complaint, and a proposed form of default judgment.  (ECF Nos. 11-12.)  Plaintiff also complied with Local

3

Rule 55.2(c) by mailing the motion for default judgment and all supporting materials to Defendant's last known business address on January 20, 2022.  (ECF No. 13.)  To date, Defendant has not appeared, answered, or otherwise responded to the complaint or the motion for default judgment.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, a movant must complete a two-step process to obtain a default judgment. *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011); *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 346-47 (E.D.N.Y. 2009).  First, the Clerk of the Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  Second, upon the Clerk's entry of default, the movant "may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)."  *Rodriguez*, 784 F. Supp. 2d at 123.  "'The court is to exercise sound judicial discretion' in determining whether the entry of default judgment is appropriate."  *Trs. of Local 7 Tile Indus. Welfare Fund v. City Tile, Inc.*, 2011 WL 917600, at *1 (E.D.N.Y. Feb. 18, 2011) (quoting *Badian v. Brandaid Commc'ns Corp.*, 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30,

2004)), *report and recommendation adopted*, 2011 WL 864331 (E.D.N.Y. Mar. 10, 2011).

Here, the Clerk of the Court entered a default against Defendant on October 27, 2021 (ECF No. 8), and Plaintiff thereafter served and filed the unopposed motion for default judgment presently before the court. As previously mentioned, Defendant has been properly served with the summons and complaint (ECF No. 6) and with the motion for default judgment. (ECF No. 13.) Despite being provided with notice of the motion, Defendant has not appeared, moved to vacate the Clerk's entry of default, or otherwise opposed the motion for default judgment. Consequently, Plaintiff has completed the necessary steps to obtain a default judgment. *See Bricklayers Ins. & Welfare Fund v. David & Allen Contracting, Inc.*, 2007 WL 3046359, at *2 (E.D.N.Y. Oct. 16, 2007) ("In civil actions, when a party fails to appear after [being] given notice, the court normally has justification for entering default." (citing *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir. 1984))).

## DISCUSSION

### I. Liability

Defendant's default in this case, however, "does not necessarily conclusively establish . . . defendant's liability." *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr.*, 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007). Instead,

5

the court "must still determine whether the plaintiff has stated a cause of action." *Bd. of Trs. of the UFCW Local 174 Pension Fund v. Jerry WWHS Co.*, 2009 WL 982424, at *3 (E.D.N.Y. Apr. 10, 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also, e.g.*, *Philip Gen. Constr.*, 2007 WL 3124612, at *3 ("[E]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (quoting *In re Wildlife Ctr., Inc.*, 102 B.R. 321, 325 (Bankr. E.D.N.Y. 1989)))).

Plaintiff alleges that Defendant infringed his copyright in the Photograph.  (Compl. ¶¶ 12-13.)  Among other things, the Act vests the owner of a copyright with:

> the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . .

17 U.S.C. § 106(1)-(3).

"Copyright infringement is a strict liability offense in the sense that a plaintiff is not required to prove unlawful intent or culpability." *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 89 (2d Cir. 2016); *see also Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 130 (2d Cir. 2008); *Shapiro,*

*Bernstein & Co. v. H. L. Green Co.*, 316 F.2d 304, 308 (2d Cir. 1963).  In order to establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Ownership of a valid copyright "can be established by the introduction into evidence of a Copyright Office certificate of registration," which is sufficient to establish validity for the purpose of default judgment. *Pasatieri v. Starline Prods., Inc.*, 2020 WL 207352, at *2 (E.D.N.Y. Jan. 14, 2020) (quoting *Sheldon v. Plot Commerce*, 2016 WL 5107072, at *11–12 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016)).  Here, Plaintiff submitted a Certificate of Registration for the Photograph with an effective date of September 10, 2018.  (ECF No. 1-3.)  The Certificate lists the author of the Photograph as Plaintiff, Jose Alvarado.  (*Id.* at 5.)  Based on the Certificate of Registration, the Court finds that Plaintiff has established ownership of a valid copyright for the Photograph.  *See, e.g.*, *Pasatieri*, 2020 WL 207352, at *2; *see also* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.").

7

In order to establish the second element of originality, the "burden is . . . minimal." *Sheldon*, 2016 WL 5107072, at *11. "Originality does not mean that the work for which copyright protection is sought must be either novel or unique . . . . [I]t simply means a work independently created by its author, one not copied from pre-existing works, and a work that comes from the exercise of the creative powers of the author's mind, in other words, 'the fruits of [the author's] intellectual labor.'" *Boisson v. Banian. Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001) (third alteration in original) (quoting *In re Trade-Mark Cases*, 100 U.S. 82, 94 (1879)). "The necessary originality for a photograph may be founded upon, among other things, the photographer's choice of subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." *Eastern Am. Trio Prods., Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417 (S.D.N.Y. 2000); *see also Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019) ("Photographs are often found to be original works."), *report and recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

The well-pleaded allegations of the complaint establish the originality of Plaintiff's Photograph. Plaintiff alleges that he is the author of the Photograph and that he photographed

8

Alexandria Ocasio-Cortez at a protest in New York City.  (*Id.* ¶¶ 8, 10.)  Plaintiff also alleges that Defendant "did not license the Photograph from Plaintiff for its article, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on its Website."  (*Id.* ¶ 13.)  Lastly, the Photograph attached to the complaint reflects that Plaintiff "exercised a personal choice in the selection of the subject[]; choice of his own professional camera equipment; and determination of the precise time when the photograph was taken."  (ECF No. 10 ("Pl.'s Mem.") at 6.)  Accordingly, the Court finds that Defendant is liable for copyright infringement under the Act.  *See, e.g.*, *Haker v. Tentree Int'l Inc.*, 2021 WL 3884195, at *4 (E.D.N.Y. Aug. 31, 2021) (finding similar allegations sufficient to establish liability); *see also, e.g.*, *Vidyashev v. Visual ID Source, Inc.*, 2021 WL 4925733, at *3 (E.D.N.Y. Sept. 28, 2021) ("[A] plaintiff's allegations that 'defendant reproduced and published a protected photograph, without proper authorization, are adequate to establish liability.'" (citation omitted)), *report and recommendation adopted*, 2021 WL 4902528 (E.D.N.Y. Oct. 21, 2021).

## II.  Damages

Although allegations pertaining to liability are deemed admitted in the context of a motion for default judgment, allegations pertaining to damages must still be proven by the movant.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,

973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). After liability is determined, the movant must establish damages "to a 'reasonable certainty.'" *Duro v. BZR Piping & Heating Inc.*, 2011 WL 710449, at *2 (E.D.N.Y. Jan. 26, 2011) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)), *report and recommendation adopted*, 2011 WL 744156 (E.D.N.Y. Feb. 22, 2011). The court need not hold a hearing to determine damages "as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment." *Id.* (alterations in original; citation omitted). When evaluating damages, the court "may rely on affidavits or documentary evidence." *Id.* (citing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d. Cir. 1993); *Chun Jie Yin v. Kim*, 2008 WL 906736, at *2 (E.D.N.Y. Apr. 1, 2008)).

## A. Statutory Damages Pursuant to the Copyright Act

In copyright infringement cases, a plaintiff has the option to pursue either actual or statutory damages. *See Renna v. Queens Ledger/Greenpoint Star Inc.*, 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019) (citing *Twin Peaks Prods., Inc. v. Publ'ns Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993)), *report and recommendation adopted*, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019). Here, Plaintiff seeks $5,000 in statutory damages. (Pl.'s Mem. at

10

10.)   Plaintiff is eligible for statutory damages because the Certificate of Registration for the Photograph has an effective date of September 10, 2018, which is within three months of the date of first publication, June 27, 2018.   *See, e.g.*, *Tabak v. Lifedaily, LLC*, 2021 WL 5235203, at *4 (S.D.N.Y. Nov. 9, 2021).

The Copyright Act provides for statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just."   17 U.S.C. § 504(c)(1).   In cases of willful infringement, the court has discretion to impose a statutory damages award up to $150,000.   *Id.* § 504(c)(2).   When determining the amount of statutory damages to award for copyright infringement, the court considers six factors: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties."   *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).   "Courts in this Circuit have typically awarded statutory damages between $1,000 and $5,000 in cases of single use copyright infringement, such as this one."   *Tabak*, 2021 WL 5235203, at *5.

Here, the first *Bryant* factor weighs in favor of Plaintiff because "[a] willful infringement may be inferred from

11

the defendant's default."  *Id.* at *4; *see also, e.g.*, *Haker*, 2021
WL 3884195, at *5.  The fifth *Bryant* factor – whether the infringer
cooperated in providing evidence about the value of the infringing
material – is also satisfied by virtue of Defendant's default.
*Tabak*, 2021 WL 5235203, at *5.  Other than a general discussion of
the need to deter infringers, however, Plaintiff does not address
the remaining *Bryant* factors.  (*See* Pl.'s Mem. at 11-19.)  Although
Plaintiff argues that he need not offer evidence of his lost
revenues or Defendant's profits (*id.* at 11-14), "such evidence
allows a court to determine a fair award that would adequately
compensate the copyright holder while also deterring potential
infringers."  *Haker*, 2021 WL 3884195, at *5 (quoting *Balhetchet v.
Su Caso Mktg. Inc.*, 2020 WL 4738242, at *4 (E.D.N.Y. Aug. 14,
2020)).  Plaintiff, however, chose not to provide evidence of his
own lost revenues, despite being best situated to do so.

Because Plaintiff fails to offer any evidence of lost
revenues or Defendant's profits, the court "may infer that any
revenue lost by Plaintiff and profits by Defendant are *de minimis*."
*Id.*; *see also, e.g.*, *Parsons v. Bong Mines Entm't*, 2021 WL 931506,
at *9 (E.D.N.Y. Feb. 18, 2021) ("Where, as here, the Plaintiff
does not submit any evidence of actual losses or licensing fees,
it may be inferred that any lost revenue is *de minimis*, which
weighs against a substantial award of statutory damages."), *report
and recommendation adopted*, 2021 WL 930259 (E.D.N.Y. Feb. 18,

12

2021).  Accordingly, the court will fix the amount of statutory damages for the Copyright Act violation at $1,000.  *See, e.g.,* *Haker*, 2021 WL 3884195, at *5.  This amount is "above the statutory minimum, to account for the willful actions of Defendant and the need to deter others, but well below the statutory maximum given the dearth of other evidence."  *Id.* (quoting *Dermansky v. Tel. Media, LLC*, 2020 WL 1233943, at *6 (E.D.N.Y. Mar. 13, 2020)); *see also, e.g.,* *Farrington v. Jewish Voice Inc.*, 2022 WL 541645, at *5 (E.D.N.Y. Feb. 23, 2022) ("An award of $1,000 for the Copyright Act violation is in line with similar claims of a single instance of copyright infringement."); *Balhetchet v. Su Caso Mktg. Inc.*, 2020 WL 4738242, at *4 (E.D.N.Y. Aug. 14, 2020) ("[T]he Court finds that a statutory damages award of $1,000 is reasonable given the nature of the infringement alleged and the lack of a baseline amount of Plaintiff's licensing fee or any loss of profits.").

### B. Attorney's Fees and Costs

Under the Copyright Act, the court has discretion to award reasonable attorney's fees and costs to Plaintiff, as the prevailing party.  17 U.S.C. § 505.  "An award of attorney['s] fees to a plaintiff in a copyright action is generally appropriate where the defendant has defaulted."  *Tabak*, 2021 WL 5235203, at *6 (collecting cases).  "A presumptively reasonable rate is the lodestar, the 'product of a reasonable hourly rate and the

reasonable number of hours required by the case.'"  *Id.* (quoting
*Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Here, Plaintiff seeks $595.00 in attorney's fees for the
1.7 hours that his counsel – James H. Freeman of Liebowitz Law
Firm, PLLC – spent on this case, including the drafting and filing
of the complaint and the motion for default judgment.  (ECF No.
11.)  The court finds that Mr. Freeman's rate of $350.00 per hour
is reasonable.  *See, e.g.*, *Haker*, 2021 WL 3884195, at *6 (approving
$350.00 rate for Mr. Freeman); *Farrington*, 2022 WL 541645, at *7
("As counsel's requested $350 rate is squarely in line with
approved rates in this district and in light of Mr. Freeman's
experience, the $350 per hour is a reasonable fee.").  The court
also finds that Mr. Freeman reasonably spent 1.7 hours on this
case.  *See, e.g.*, *Farrington*, 2022 WL 541645, at *7 (finding 1.9
hours reasonable); *Feliciano v. Food Trucks in the Valley LLC*,
2021 WL 4150800, at *7 (E.D.N.Y. Aug. 26, 2021) (finding 1.8 hours
reasonable), *report and recommendation adopted*, 2021 WL 4147240
(E.D.N.Y. Sept. 13, 2021).  Accordingly, the court will award the
requested $595.00 in attorney's fees.

Plaintiff also seeks to recover $440.00 in costs.  (Pl.'s
Mem. at 21.)  First, Plaintiff requests that the court award
$400.00 for the filing fee.  (*Id.*)  "Filing fees are recoverable
without supporting documentation if verified by the docket."
*Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds*

of the Int'l Union of Operating Eng'rs, Loc. 15, 15A, 15C & 15D v.
Coastal Env't Grp. Inc., 2019 WL 5693916, at *12 (E.D.N.Y. Aug.
30, 2019).   Although Plaintiff requests $400.00, the docket
reflects that Plaintiff paid a filing fee of $402.00.   (ECF No.
1.) Accordingly, the court will award Plaintiff $402.00 in costs.
See, e.g., Henker, 2021 WL 3884195, at *6; Wareka v. Dryluxe LLC,
2022 WL 2467544, at *7 (E.D.N.Y. Apr. 7, 2022), report and
recommendation adopted, 2022 WL 2753106 (E.D.N.Y. July 14, 2022).

       Second, Plaintiff requests that the court award $40.00
in costs for a process server fee. (Pl.'s Mem. at 21.) "Process
server fees . . . must be supported by the record." Wareka, 2022
WL 2467544, at *7. Here, Plaintiff's affidavit of service for the
complaint reflects the payment of a $40.00 fee to the New York
Secretary of State. (ECF No. 6.) Consequently, Plaintiff is also
entitled to recover the $40.00 process server fee. See, e.g.,
Wareka, 2022 WL 2467544, at *7; Pasatieri v. Sarline Prods., Inc.,
2021 WL 3492143, at *2 (E.D.N.Y. Aug. 9, 2021); Hirsch v. Forum
Daily Inc., 2021 WL 1158562, at *10 (E.D.N.Y. Feb. 9, 2021), report
and recommendation adopted, 2021 WL 1162153 (E.D.N.Y. Mar. 26,
2021). Plaintiff is awarded total costs of $442.00.

## C. Post-Judgment Interest

       Pursuant to 28 U.S.C. § 1961, "[t]he award of post-
judgment interest is mandatory on awards in civil cases as of the
date judgment is entered." Tru-Art Sign Co. v. Local 137 Sheet

*Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (citation omitted).  As such, post-judgment interest shall accrue at the federal statutory rate from the entry of judgment until the judgment is paid in full.  28 U.S.C. § 1961.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's motion for default judgment is granted in part and denied in part.  The court awards Plaintiff a default judgment of $2,037.00 as follows: $1,000.00 in statutory damages under the Copyright Act, $595.00 in attorney's fees, and $442.00 in costs.  Additionally, post-judgment interest shall accrue at the federal statutory rate from the entry of judgment until the judgment is paid in full.  The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.  Plaintiff is directed to serve a copy of this Memorandum and Order and the judgment on Defendant and note service on the docket.

**SO ORDERED.**

Dated:      July 20, 2022
            Brooklyn, New York

                                    /s/ Kiyo A. Matsumoto
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York

16